UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS YUEN and SUMNI AHN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSOCEAN LTD., et al.,<br><br>Defendants. | ) Civil Action No. 2:10-cv-01467-SSV-SS<br>)<br>) <u>CLASS ACTION</u><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OF LAW IN SUPPORT OF THE EMPLOYEES'
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE VIRGIN
ISLANDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF COUNSEL

571658_1

**TABLE OF CONTENTS**

**Page**

I. STATEMENT OF THE MATTER BEFORE THE COURT ............................................... 1

II. STATEMENT OF FACTS ................................................................................................. 2

III. ARGUMENT ...................................................................................................................... 4

    A. The Virgin Islands Satisfies the "Lead Plaintiff" Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff ........................................ 4

        1. The Virgin Islands Has Timely Moved for Appointment as Lead Plaintiff ........................................................................................................ 5

        2. The Virgin Islands Has the Requisite Financial Interest in the Relief Sought by the Class ........................................................................... 5

        3. The Virgin Islands Satisfies the Requirements of Rule 23 .......................... 6

    B. The Virgin Islands' Selection of Lead and Liaison Counsel Should Be Approved ............................................................................................................... 7

IV. CONCLUSION ................................................................................................................... 9

571658_1

Class members Employees' Retirement System of the Government of the Virgin Islands ("Virgin Islands" or "Movant") and Local 553 Pension Fund respectfully submit this memorandum of law in support of the Virgin Islands' motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and Booth & Booth APLC ("Booth & Booth") as liaison counsel for the class.

## I.   STATEMENT OF THE MATTER BEFORE THE COURT

Presently pending in this district is a securities class action lawsuit brought on behalf of purchasers of Transocean Ltd. ("Transocean") common stock during the period between August 5, 2009 and June 1, 2010, inclusive (the "Class Period").[1] This action alleges violations of §10(b) §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") 15 U.S.C. §§78j(b) and 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R §240.10b-5.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23").  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, the Virgin Islands should be appointed as lead plaintiff because it: (1) timely filed for appointment as lead plaintiff; (2) to its knowledge, has the largest financial interest in this litigation of any class member which satisfies the requirements of Rule 23; and (3) will adequately represent

---

[1]   Two other actions have been filed in the Southern District of New York: *Johnson Investment Counsel v. Transocean Ltd.*, 10-cv-4515 (S.D.N.Y. June 8, 2010); and *Foley v. Transocean Ltd.*, 10-cv-5233 (S.D.N.Y,, July 9, 2010).  These actions allege a longer class period than that alleged here in *Yuen*.  As such, for purposes of this Motion, the more inclusive period is used.  The *Johnson* and *Foley* actions should be transferred to this Court.

the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* §III.A, *infra*.  Finally, the Virgin Islands' selection of Robbins Geller to serve as lead counsel and Booth & Booth as liaison counsel for the class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     STATEMENT OF FACTS[2]

Transocean is a Louisiana company founded in 1919 as Danciger Oil & Refining Company.  After many name changes, business combinations, and other modifications (for business reasons and tax avoidance purposes), Transocean is currently a Swiss company which purports to be located in Vernier, Switzerland.

In the last ten years, defendants have – on several occasions – been apprised of the serious hazards associated with Transocean's use of certain blowout preventers ("BOP") on ultra-deepwater drilling engagements.  Despite these warnings and defendants' knowledge that a BOP failure would likely result in scores of fatalities and millions of gallons of oil being released into the surrounding waters, defendants opted to conceal their knowledge of these known hazards while making false and misleading statements throughout 2009 and into 2010.  Indeed, defendants falsely represented that Transocean had remedied its past safety problems and was closely monitoring the Company's operating and equipment, while omitting to disclose material information concerning Transocean's repeated safety failures and recurring BOP issues.  Defendants also falsely represented that the Company's BOP problems "have all been resolved," and that BOP issues were "anomalies," concealing that the Company had not eliminated BOP issues nor rectified the prior BOP failures.  As a result of defendants' false and misleading statements, Transocean's common stock traded at

---

[2]     All factual allegations taken from the Complaint filed in the above-captioned matter: *Yuen et al. v. Transocean, Ltd*., 10-cv-01467 (E.D. La. May 13, 2010), Docket #1.

artificially inflated prices during the Class Period, reaching a high of $94.88 per share on January 11, 2010.

On April 20, 2010, an explosion on Transocean's semi-submersible drilling rig Deepwater Horizon ("Horizon") caused a fire which resulted in the sinking of the Horizon, which had been drilling approximately 41 miles offshore from Louisiana on Mississippi Canyon block 252. As a result of the fire and the explosion, eleven crew members lost their lives, and seventeen others were injured. Additionally, the subsequent failure of Horizon's safety mechanisms, including the BOP, led to a massive oil spill which covers an estimated surface area of at least 2,500 square miles. This oil spill is currently discharging an estimated 200,000 to 1.1 million gallons of crude oil daily. The spill is expected to eclipse the 1989 Exxon Valdez oil spill as the worst U.S. oil disaster in history, and experts fear it will result in an environmental disaster as oil from the well site damages the fishing and tourism industries in the Gulf of Mexico and the habitat of hundreds of fish, sea mammal and bird species.

As a result of defendants' false and misleading statements, Transocean's common stock traded at inflated levels during the Class Period. As the truth about the full extent of the disaster was absorbed by the market in the period following the explosion and oil spill and it became apparent that Transocean had made false and misleading statements and omissions, and had failed to take necessary precautions to avoid such a catastrophic spill, the Company's common stock declined, removing the inflation from Transocean's share price, and causing real economic loss to investors who had purchased Transocean common stock during the Class Period.

**III.   ARGUMENT**

    **A.   The Virgin Islands Satisfies the "Lead Plaintiff" Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure that governs the appointment of a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(1)-(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, the relevant notice was published on *BusinessWire* on May 13, 2010.[3]  *See* Declaration of Vincent J. Booth in Support of the Virgin Islands' Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Booth Decl."), Ex. A.  Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is "the person or group of persons" that –

---

[3]    The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'"  *Greebel v. FTP Software*, 939 F. Supp. 57, 62 (D. Mass. 1996) (citation omitted); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 11, 1997).

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 1. The Virgin Islands Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by July 12, 2010. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on May 13, 2010), the Virgin Islands timely hereby moves this Court to be appointed lead plaintiff on behalf of all members of the class. The members of the Virgin Islands have also duly signed and filed a certification stating their willingness to serve as a representative party on behalf of the class. *See* Booth Decl., Ex. B.

### 2. The Virgin Islands Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, the Virgin Islands suffered losses of over $484,800 based on its Class Period purchases of Transocean stock. *See* Booth Decl., Exs. B, C. To the Virgin Islands' knowledge, its financial interest in this matter is the largest of any competing lead plaintiff movant who otherwise "satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B).[4] As a result, the Virgin Islands should be appointed lead plaintiff. *See id*.

---

[4] Putative class member Local 553 Pension Fund, with a loss exceeding $294,000, joins in this Motion and supports the appointment of the Virgin Islands as lead plaintiff. *See* Booth Decl., Ex. D.

- 5 -

### 3. The Virgin Islands Satisfies the Requirements of Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed. *See, e.g., In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002).

Under Fed. R. Civ. P. Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See* Fed. R. Civ. P. 23(a)(3).

The Virgin Islands satisfies the typicality requirement of Fed. R. Civ. P. 23 because, just like all other class members, it: (1) purchased Transocean securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, the Virgin Islands' claims are typical of those of other class members because its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." In order to satisfy adequacy of representation, counsel must be qualified,

- 6 -

experienced, and able to prosecute the action vigorously, and the class representatives must not have interests antagonistic to the class members. *See, e.g., In re Lease Oil Antitrust Litig.*, 186 F.R.D. 403, 421 (S.D. Tex. 1999).

Here, the Virgin Islands is an adequate class representative because its interest in aggressively pursuing the claims against defendants is clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false and misleading statements to the market. Additionally, there is no antagonism between the Virgin Islands' interests and those of the other members of the class. Further, by virtue of its certification, the Virgin Islands has demonstrated its ability, commitment and willingness to vigorously prosecute this action. Booth Decl., Ex. B. Indeed, the Virgin Islands, an institutional investor with a significant stake in the outcome of this litigation, is the very sort of lead plaintiff envisioned by Congress in enacting the PSLRA. *See id.*. *See also* Booth Decl., Ex. D. Moreover, and as demonstrated below, the Virgin Islands' proposed counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Virgin Islands *prima facie* satisfies the commonality, typicality and adequacy requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

> **B.    The Virgin Islands' Selection of Lead and Liaison Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, the Virgin Islands has selected Robbins Geller to serve as lead counsel and Booth & Booth to serve as liaison counsel.

Robbins Geller is the nation's largest plaintiff's law firm actively engaged in complex litigation, emphasizing securities and shareholder derivative actions. Booth Decl., Ex. E. Robbins Geller is "comprised of probably the most prominent securities class action attorneys in the country." *In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

- 7 -

571658_1

Robbins Geller lawyers possess extensive experience prosecuting complex shareholder actions, having successfully prosecuted numerous actions on behalf of injured shareholders and have been appointed as lead or co-lead counsel in landmark class actions, including *Enron*, 206 F.R.D. 427 (recovering over $7 billion for a class of injured shareholders), and *In re UnitedHealth Group Inc. PSLRA Litig.*, Civ. No. 06-cv-016910-JMR-FLN (D. Minn.) (recovering $925.5 million on behalf of class of investors in backdating action; an amount approximately four times larger than the next largest options backdating recovery, an amount which exceeds all other backdated recoveries combined).

Importantly, the attorneys at Robbins Geller have repeatedly demonstrated their willingness to undertake the painstaking process of unraveling corporate fraud, consumer product misconduct, accounting irregularities and improper transactions on behalf of injured shareholders. *See e.g.*, *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 789, 828 (S.D. Tex. 2008) (commenting that the litigation team from Robbins Geller is an "extraordinary group of attorneys who achieved the largest settlement fund ever despite the great odds against them" as a result of their "clearly superlative litigating and negotiating skills").  As such, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Robbins Geller and Booth & Booth.

## IV.    CONCLUSION

Possessing a significant financial interest in the relief sought by the class and satisfying Rule 23, the Virgin Islands is the most adequate plaintiff.  As such, the Court should appoint the Virgin Islands as Lead Plaintiff and approve its selection of Robbins Geller as Lead Counsel and Booth & Booth as Liaison Counsel for the class.

DATED:  July 12, 2010

Respectfully submitted,

BOOTH & BOOTH, APLC


                s/ VINCENT J. BOOTH
VINCENT J. BOOTH (#18565)
138 North Cortez Street
New Orleans, Louisiana 70119
Telephone:  504-482-5292
Facsimile:    800-469-2185
Email:  vbooth@boothandbooth.com

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
   & DOWD LLP
DARREN J. ROBBINS
JONAH H. GOLDSTEIN
RYAN A. LLORENS
BRIAN O'MARA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

      I hereby certify that on July 12, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List, and to:

| | |
|---|---|
| Patricia Gorham<br>John H. Fleming<br>Sutherland Asbill & Brennan LLP<br>999 Peachtree Street, N.E.<br>Atlanta, GA  30309-3996 | Daniel E. Becnel Jr.<br>Law Office of Daniel E. Becnel<br>P.O. Drawer H<br>Reserve, LA  70084 |

Jerrold S. Parker
Parker Waichman Alonso, LLP
6 Harbor Park Drive
Port Washington, NY 11050

      I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 12, 2010.

                                      s/ VINCENT J. BOOTH
                                      VINCENT J. BOOTH

                                      BOOTH & BOOTH, APLC
                                      138 North Cortez Street
                                      New Orleans, Louisiana 70119
                                      Telephone:  504-482-5292
                                      Facsimile:    800-469-2185
                                      Email:  vbooth@boothandbooth.com

# Mailing Information for a Case 2:10-cv-01467-SSV-SS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Vincent James Booth**
  vbooth@boothandbooth.com,ketty@boothandbooth.com

- **Leah Nunn Engelhardt**
  lne@preisroy.com,mcy@preisroy.com,vad@preisroy.com

- **Deborah R. Gross**
  debbie@bernardmgross.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)